**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6359**

MICHAEL JERMAINE GREENE,

              Plaintiff - Appellant,

        v.

SIDNEY FEASTER; DOUG WHITE,

              Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:16-cv-00051-FPS-MJA)

Submitted:  August 12, 2019                    Decided:  August 16, 2019

Before KING, WYNN, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Michael Jermaine Greene, Appellant Pro Se.  Shawn Angus Morgan, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Jermaine Greene, a West Virginia inmate, appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint alleging excessive force against corrections officers Sidney Feaster and Doug White (collectively, "Defendants"). Previously, we vacated the district court's dismissal of Greene's excessive force claim after determining that the court improperly ignored the allegations in Greene's verified complaint. *Greene v. Feaster*, 733 F. App'x 80, 81-82 (4th Cir. 2018) (No. 17-7179). On remand, the court reviewed newly produced surveillance footage, which, in the court's opinion, conclusively refuted Greene's sworn assertions. Because, in our view, this video evidence does not actually settle the parties' central factual dispute, we vacate the district court's order and remand for further proceedings.[1]

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). A party moving for summary judgment bears the initial burden of "'show[ing] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). If the movant makes this showing, "the

---

[1] Despite reviewing the parties' evidentiary submissions, the district court characterized its order as a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) (2012). However, because "we are not bound by the label that the district court places upon its disposition," *Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 360 (4th Cir. 2013) (internal quotation marks omitted), we construe the order as a grant of summary judgment.

2

nonmoving party [must then] go beyond the pleadings" and rely on "affidavits, . . . depositions, answers to interrogatories, and admissions on file" to prove that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Thus, to withstand a summary judgment motion, the nonmoving party must produce more than "[c]onclusory or speculative allegations" or "a mere scintilla of evidence." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted). However, a court cannot "credit[] the evidence of the party seeking summary judgment and fail[] properly to acknowledge key evidence offered by the party opposing that motion," *Tolan v. Cotton*, 572 U.S. 650, 659 (2014), unless the record "blatantly contradict[s]" the nonmoving party's version of events, *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The parties largely agree that Feaster, at White's direction, used pepper spray on Greene, but they dispute whether this level of force was appropriate. Greene contends that Defendants deployed the pepper spray maliciously, while Defendants maintain that resorting to pepper spray was necessary because Greene refused to comply with orders to stop kicking his cell door. In our prior opinion, we concluded that Greene's verified pleading was sufficient to avoid summary judgment and application of qualified immunity. *See Greene*, 733 F. App'x at 81-82; *see also Brooks v. Johnson*, 924 F.3d 104, 112-13, 118 (4th Cir. 2019) (providing standards for excessive force and qualified immunity). However, we acknowledged that surveillance footage of the incident—which Defendants had yet to produce—might conclusively resolve whether Defendants' use of force was justified. *Greene*, 733 F. App'x at 82.

According to the district court's review of the surveillance footage,[2] the relevant videos—which contained no audio—showed Defendants apparently speaking to Greene through his cell door, though Greene was not actually visible in the frame. After ending the conversation, Defendants walked five cell lengths away before "suddenly stop[ping] in unison and whirl[ing] around, as if simultaneously startled by hearing a loud noise behind them." *Greene v. Feaster*, No. 5:16-cv-00051-FPS-MJA, 2019 WL 1006234, at *7 (N.D.W. Va. Mar. 1, 2019). Defendants then hastened back to Greene's cell, talked with Greene, and deployed pepper spray into the cell.

Based on this description, it is clear that the district court observed no direct video or audio evidence establishing that Greene resumed kicking his cell door after Defendants instructed him not to do so. Instead, the court relied only on indirect evidence showing Defendants stopping simultaneously before turning around and walking back to Greene's cell. From this, the court drew two inferences: first, that a noise precipitated Defendants' sudden movements, and, second, that Greene caused the noise by kicking his cell door. However, these inferences, while not unreasonable, are not compelled by the surveillance videos. Given that Greene could be neither seen nor heard in the pertinent footage, a factfinder could reasonably conclude that Defendants returned to Greene's cell for some

---

[2] The parties have not made the video evidence available to this court on appeal.

reason other than Greene creating a disturbance. Thus, we disagree with the court's conclusion that the video evidence rendered Greene's account incredible.[3]

Accordingly, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[3] The district court also justified its dismissal by weighing Greene's sworn allegations against the documentary evidence presented by Defendants. However, it is well established "that a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Tolan*, 572 U.S. at 656 (internal quotation marks omitted). Thus, the court's erroneous decision to weigh the evidence cannot support its dismissal of Greene's claim. In addition, by concluding that Greene insufficiently pleaded his excessive force claim, the district court overlooked our prior determination that "Greene's detailed, consistent narrative of events was hardly so conclusory or speculative to warrant an out-of-hand dismissal." *Greene*, 733 F. App'x at 82.